**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**SAVANNAH DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | CASE NO.: 4:19-cr-171 |
| TRINH KAPU, | |
| Defendant. | |

**PRELIMINARY ORDER OF FORFEITURE**

WHEREAS, on October 1, 2019, a Four-Count Indictment was filed against Defendant Trinh Kapu (hereinafter, the "Defendant") and several others, charging violations of 21 U.S.C. § 846 (Count One – Conspiracy to Possess With Intent to Distribute and to Distribute a Controlled Substance (Marijuana), 18 U.S.C. § 924(c) (Count Two- Possession of a Firearm in Furtherance of a Drug Trafficking Crime), 18 U.S.C. § 856(a)(1) (Count Three – Maintaining Drug-Involved Premises), and 18 U.S.C. § 1956(h) (Count Four – Money Laundering Conspiracy);

WHEREAS, the Indictment sought forfeiture pursuant to 18 U.S.C. § 924(d)(1) and 982(a)(1), 21 U.S.C. § 853, and 28 U.S.C. 2461(c) of any firearm and ammunition involved in or used in the commission of the offense, and all property, real or personal, which constitutes or is derived from proceeds traceable to the offenses;

WHEREAS, the Indictment further provided for the forfeiture of any other property of said Defendant up to the value of the forfeitable property, pursuant to 21 U.S.C. § 853(p), of any property, real or personal, involved in the offense, or any property traceable to such property;

WHEREAS, on October 8, 2020, pursuant to a written plea agreement, Defendant pled guilty to Count One, Conspiracy to possess With Intent to Distribute and to Distribute a Controlled

Substance (Marijuana) a violation of 21 U.S.C. § 846, Count Three, Maintaining a Drug-Involved Premises a violation of 18 U.S.C. § 856(a)(1), and Count Four, Money Laundering Conspiracy a violation of 18 U.S.C. § 1956(h);

WHEREAS, pursuant to her plea agreement, Defendant agreed to forfeit her interest in any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the Title 21 offense which she has agreed to plead guilty, and any property used, or intended to be used, in any manner or part, to commit, or facilitate the commission of that offense, specifically,

- 2018 Toyota Highlander Limited VIN: 5TDYZRFH5JS283164,
- Funds held in Wells Fargo, Acct. #xxxxxx4296,
- Funds held in Wells Fargo Bank Account. #xxxxxxxxx9155,
- Funds held in Bank of America, Acct. #xxxxxxxx15059, and
- Funds held in Bank of America, Acct. #xxxxxxxx07756

(hereinafter, the "Subject Property");

WHEREAS, pursuant to her plea agreement, Defendant agreed to waive and abandon all right, title, and interest in the Subject Property, and agrees to also waive the requirements of Federal Rules of Criminal Procedure 32.2, and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1. Pursuant to 18 U.S.C. § 924(d)(1) and 982(a)(1), 21 U.S.C. § 853, 28 U.S.C. 2461(c), and Rule 32.2(b)(1) of the Federal Rules of Criminal Procedure, the Defendant shall

2

forfeit to the United States the sum of $1,202.861.60, which is the sum of money equal to all proceeds traceable to Defendant's offense of conviction.

2.      Upon entry of this Order, the Attorney General (or a designee) is authorized to commence any applicable proceeding to comply with statutes governing third-party rights, including giving notice of this Order.

3.      Any person, other than the above-named defendant, asserting a legal interest in the Subject Property may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of her alleged interest in the Subject Property, and for an amendment of the order of forfeiture, pursuant to 28 U.S.C. § 2461(c).

4.      Pursuant to Fed. R. Crim. P. 32.2(b)(3), this Preliminary Order of Forfeiture shall become final as to Defendant at the time of sentencing and shall be made part of the sentence and included in the judgment.  If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

5.      Any petition filed by a third party asserting an interest in the Subject Property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Subject Property, the time and circumstances of the petitioner's acquisition of the right, title or interest in the Subject Property, and any additional facts supporting the petitioner's claim and the relief sought.

6.      If a petition is filed by a third party, and after the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

7. The United States shall have clear title to the Subject Property following the Court's disposition of all third-party interests, or if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of third-party petitions.

8. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

9. The Clerk of the Court shall forward four certified copies of this Order to Assistant U.S. Attorney Xavier A. Cunningham, United States Attorney's Office for the Southern District of Georgia, P.O. Box 8970, Savannah, Georgia 31412.

**SO ORDERED**, this 27th day of January, 2021.

_____
R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA